Case 2:11-cr-00419   Document 66   Filed in TXSD on 09/12/16   Page 1 of 6
United States District Court
Southern District of Texas
**ENTERED**
September 12, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 2:11-CR-419 |
| § | (CIVIL ACTION NO. 2:16-CV-206) |
| JOSE MICHAEL GONZALEZ § | |

**MEMORANDUM OPINION AND ORDER DISMISSING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND DENYING A CERTIFICATE OF APPEALABILITY**

Jose Michael Gonzalez (Gonzalez) filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 65. The Court has reviewed the motion and concludes that summary dismissal is appropriate because "it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief. . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2016) (2255 Rules). The Court dismisses Gonzalez' § 2255 motion (D.E. 65) for the reasons stated herein and also denies him a Certificate of Appealability.

### I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

### II. FACTUAL BACKGROUND AND PROCEEDINGS

Gonzalez was arrested in April 2011 after his involvement in a shooting incident in Corpus Christi, Texas on March 31, 2011. He made his initial appearance in federal court on April 13, 2011, and was appointed counsel that day. D.E. 6. Gonzalez was indicted as a felon in possession of a firearm in violation of Title 18, § 922(g). D.E. 11. He pleaded guilty to the Indictment pursuant to a plea agreement on May 25, 2011. D.E. 16, 17.

The Probation Department prepared a presentence Investigation Report (PSR). Gonzalez' base offense was calculated to be 24 pursuant to U.S.S.G. § 2K2.1(a)(2) because he had two previous convictions for crimes of violence. His offense level was also increased by four because the firearm was used in connection with another felony, aggravated assault. His total offense level was 25 after credit for acceptance of responsibility. D.E. 21, ¶¶ 15-24. The offenses used to enhance his offense level were aggravated assault in 2006 and retaliation in 2002. Gonzalez had substantial other criminal history as well, including a number of drug possession convictions. His criminal history points totaled 15 and resulted in a criminal history category VI. *Id*., ¶¶ 25-71. His sentencing range was 110 to 120 months, with a statutory maximum sentence of 120 years. *Id*., ¶¶ 106-07. Defense counsel objected to the PSR on the ground that retaliation is not a crime of violence. D.E. 20. The Court imposed a sentence of 110 months to be followed by supervised release of three years. D.E. 28.

Gonzalez appealed. The Fifth Circuit held that retaliation does not qualify as a crime of violence. D.E. 44. Gonzalez' sentence was vacated and he was remanded for sentencing.

On remand, Gonzalez' offense level was recalculated to be 21 with a criminal history category of VI resulting in a sentencing range of 77 to 96 months. D.E. 49. The government recommended a sentence of 96 months imprisonment. D.E. 58, p. 4. After considering all of the factors in 18 U.S.C. § 3553(a), including the hazardous circumstances of the offense during which Gonzalez chased two men through an apartment complex while shooting at the men. Bullets struck walls and a car. The Court sentenced Gonzalez to 110 months imprisonment to deter crime and to protect the public. *Id*., pp. 6-7. Gonzalez again appealed. The Fifth Circuit affirmed on September 20, 2013. D.E. 64. Movant filed the present motion that is dated June 1, 2016.

### III.  MOVANT'S ALLEGATIONS

Gonzalez challenges the enhancement of his base offense based upon *Johnson v. United States*, 135 S.Ct. 2551 (2015). *Johnson* was made retroactive by *Welch v. United States*, 136 S.Ct. 1257 (2016).

### IV.  ANALYSIS

**A.**   **28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**B**.   *Johnson* **Claim**

Gonzalez' base offense level was enhanced by the use of his conviction for aggravated assault in Texas pursuant to U.S.S.G. § 2k2.1(a)(4). He claims that aggravated assault is not a crime of violence after *Johnson*.

*Johnson* held that a portion of the definition of violent felony was unconstitutionally vague in the Armed Career Criminal Act. The Act defines "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year ... that—
>     (i) has as an element the use, attempted use, or threatened use of
>     physical force against the person of another; or
>     (ii) is burglary, arson, or extortion, involves use of explosives, *or
>     otherwise involves conduct that presents a serious potential risk of
>     physical injury to another*.

> § 924(e)(2)(B).
>
> The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

*Johnson*, 135 S.Ct. at 2555-56 (emphasis added). The *Johnson* Court specifically stated that its invalidation of the residual clause did not affect the other portions of the definition. *Id*. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

In this case, the Sentencing Guidelines Manual's definition of "crime of violence" is found by reference to § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2.

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). The Application Notes further define crime of violence to include the following enumerated crimes: "'Crime of violence' includes murder, manslaughter, kidnapping, *aggravated assault*, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. . . ." *Id*. (emphasis added).

"Enumerated offenses listed in the commentary are treated as crimes of violence." *United States v. Rayo–Valdez*, 302 F.3d 314, 317 (5th Cir. 2002); *see also United States v. Fernandez*, 292 Fed. App'x. 301, 303-05 (5th Cir. Aug. 29, 2008) (per curiam) (designated unpublished) (Texas aggravated assault constitutes an enumerated crime of violence pursuant to § 4B1.2(a)). *United States v. Flanagan*, 2016 WL 3455950 at *1 (5th Cir. June 23, 2016) (per curiam) (designated unpublished).

Because aggravated assault is an enumerated crime of violence, even if *Johnson* applied to the Sentencing Guidelines Manual, *Johnson* does not provide Gonzalez with any relief. Moreover, the Fifth Circuit has rejected the application of *Johnson* to the Sentencing Guidelines. *United States v. Jeffries*, --- F.3d ---, 2016 WL 3895247 at *1 (5th Cir. July 18, 2016). Gonzalez' claim is without merit.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Gonzalez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Gonzalez is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, the Court DISMISSES Gonzalez' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 65; Cause No. 2:16-CV-206, D.E. 1) and DENIES him a Certificate of Appealability.

SIGNED and ORDERED this 12th day of September, 2016.

_____
Janis Graham Jack
Senior United States District Judge